## Civil Remedy Notice of Insurer Violations

Filing Number: **337004**

Filing Accepted: **3/8/2017**

Warning! Information submitted as part of this civil remedy notice is a public record. Data entered into this form will be displayed on the DFS website for public review. Please DO NOT enter Social Security Numbers, personal medical information, personal financial information or any other information you do not want available for public review.

☑ The submitter hereby states that this notice is given in order to perfect the rights of the person(s) damaged to pursue civil remedies authorized by Section 624.155, Florida Statutes.

### Complainant

| | |
|---|---|
| Name: | **DAVID NEBLETT** |
| Street Address: | **2550 SOUTH BAYSHORE DRIVE, SUITE 211** |
| City, State Zip: | **MIAMI, FL 33133** |
| Email Address: | **DAVID@PERRYNEBLETT.COM** |
| Complainant Type: | **Insured** |

### Insured

| | |
|---|---|
| Name: | **NABIL HACH AL LUCH** |
| Policy #: | **CPS2241969** |
| Claim #: | **1705777** |

### Attorney

| | |
|---|---|
| Name: | **DAVID NEBLETT** |
| Street Address: | **2550 SOUTH BAYSHORE DRIVE, SUITE 211** |
| City, State Zip: | **MIAMI, FLORIDA 33133** |
| Email Address: | **DAVID@PERRYNEBLETT.COM** |

### Notice Against

| | |
|---|---|
| Insurer Type: | **Authorized Insurer** |
| Name: | **SCOTTSDALE INSURANCE COMPANY** |
| Street Address: | |
| City, State Zip: | , |

Please identify the person or persons representing the insurer who are most responsible for/knowledgeable of the facts giving rise to the allegations in this notice.

**STEVE BEAUMONT**

| | |
|---|---|
| Type of Insurance: | **Residential Property & Casualty** |

**EXHIBIT A**

DFS-10-363
Rev. 11/2007

## Civil Remedy Notice of Insurer Violations

Filing Number:      337004

### Reason for Notice

Reasons for Notice:

- Unfair Trade Practice
- Claim Denial
- Claim Delay
- Unsatisfactory Settlement Offer

**PURSUANT TO SECTION 624.155, F.S.** please indicate all statutory provisions alleged to have been violated.

| Statute | Description |
|---|---|
| 624.155(1)(b)(1) | Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests. |
| 624.155(1)(b)(3) | Except as to liability coverages, failing to promptly settle claims, when the obligation to settle a claim has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage. |
| 626.9541(1)(i)(2) | A material misrepresentation made to an insured or any other person having an interest in the proceeds payable under such contract or policy, for the purpose and with the intent of effecting settlement of such claims, loss, or damage under such contract or policy on less favorable terms than those provided in, and contemplated by, such contract or policy. |
| 626.9541(1)(i)(3)(a) | Failing to adopt and implement standards for the proper investigation of claims. |
| 626.9541(1)(i)(3)(b) | Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue. |
| 626.9541(1)(i)(3)(c) | Failing to acknowledge and act promptly upon communications with respect to claims. |
| 626.9541(1)(i)(3)(d) | Denying claims without conducting reasonable investigations based upon available information. |
| 626.9541(1)(i)(3)(e) | Failing to affirm or deny full or partial coverage of claims, and, as to partial coverage, the dollar amount or extent of coverage, or failing to provide a written statement that the claim is being investigated, upon the written request of the insured within 30 days after proof-of-loss statements have been completed. |
| 626.9541(1)(i)(3)(f) | Failing to promptly provide a reasonable explanation in writing to the insured of the basis in the insurance policy, in relation to the facts or applicable law, for denial of a claim or for the offer of a compromise settlement. |
| 626.9541(1)(i)(3)(g) | Failing to promptly notify the insured of any additional information necessary for the processing of a claim. |
| 626.9541(1)(i)(3)(h) | Failing to clearly explain the nature of the requested information and the reasons why such information is necessary. |

Reference to specific policy language that is relevant to the violation, if any. If the person bringing the civil action is a third party claimant, she or he shall not be required to reference the specific policy language if the authorized insurer has not provided a copy of the policy to the third party claimant pursuant to written request.

DFS-10-363
Rev. 11/2007

A certified copy of the policy of insurance has been requested from Defendant; however, Defendant has failed and refused to provide same.

To enable the insurer to investigate and resolve your claim, describe the facts and circumstances giving rise to the insurer's violation as you understand them at this time.

**This claim stems from the insurer's failure and refusal to cover water damages the insured property sustained. The insurer is refusing to actively adjust the claim and make sufficient payments in an attempt to drive down any potential settlement. The insurer is refusing to indemnify the insured by not covering the loss to the insured property. The insurer is refusing to send an adjuster to properly identify and inspect the loss. The insurer is refusing to pay for replacements to be made. The insurer is refusing to pay for other damages covered by the contract. The insurer is disrupting the orderly sequence and time limits for indemnification guaranteed by the insurance contract.**
**The insurer refuses to properly adjust the insured's loss, despite numerous attempts by the insured to make this happen. The insurer wrongfully and purposefully ignored communications from the insured. The insured has suffered a loss for which the insurer refuses to make payment.**
**The insurer is failing to promptly settle the insured's policy as it is required to do by contract, in order to influence settlements.**

**In Florida the work of adjusting insurance claims engages the public trust. The insurer has failed to create and implement adequate guidelines for proper investigation to evaluate claims handling and for training and supervision of employees resulting in statutory violations as described above. The insurer has failed and/or refused to thoroughly, accurately, and completely investigate and evaluate the insured's insurance claim and damages. Therefore the insurer breached this statutory duty.**

**Florida Statute §624.02 defines "insurance" as a contract where one undertakes to indemnify another or pay or allow specified amounts, or a determinable benefit, upon determinable contingencies. Inherent is the fact that payment must be made timely and promptly. This timely and prompt payment allows the insureds to mitigate their damages and place them back to the position they were in prior to the loss, as quickly as possible. The insurer breached this duty. The insureds have been forced to expend their own money to ensure the payment of their insurance claim by having to retain a public adjuster and legal counsel in order to force the insurer to honor its contract with the insureds and force the insurer to pay the insurance proceeds due and owing to the insured. The insurer has refused and failed to tender all insurance proceeds to the insureds upon demand. The insurer's refusal and/or failure to settle the insurance claim when it, under all circumstances, should have done so, is wrongful conduct. Furthermore, the insureds contend that the insurer's adjusters and/or representatives financially benefit by such wrongful conduct. Therefore, to cure the defects outlined in this civil remedy notice, the insurer must, in addition to the steps previously noted, also: (1) create and implement adequate guidelines for proper investigation and evaluation of claims; (2) create and implement adequate guidelines for the training and supervision of the insurer's employees, which will avoid future statutory violations such as the ones set forth above in paragraph 5; (3) immediately tender all undisputed proceeds to its insureds; (4) act fairly and honestly towards the insured, with due regard for the insureds' interests as the insurer attempts to settle the insureds' claim; (5) immediately, and under no circumstances no later than sixty days from the date of this civil remedy notice, tender all insurance monies due and owing the insureds; (6) ensure that payment made would be adequate to place the insureds back in their pre-loss condition, minus all appropriately applicable deductibles; (7) reimburse the insureds' attorney's fees and costs, since the insureds were forced to hire legal counsel in order to receive adequate payment; and (8) cease the use of outcome-oriented engineers who seek to find reasons to deny insureds' claim, rather that independently assessing the loss presented. Should the insurer fail to comply with the demands set forth in this civil remedy notice, the insurer must prepare to pay the full cost of its failure to rightfully indemnify the insureds, including all future damages that come about as a result of the insurer's failure to comply with the demands set forth in this civil remedy notice, including but not limited to payment of policy limits should the insureds' home become structurally unsound as a result of the insurer's refusal to adhere to the terms of its own policy.**

**Notwithstanding that the insured timely notified the insurer of his insurance claim and fulfilled all post-loss obligations, the insurer has delayed in paying or tendering to the insured all insurance proceeds due and owed to the insured under the insurance policy. The insurer has failed and/or refused to acknowledge and act promptly upon communication of its insured(s) with respect to their insurance claim. The insurer has failed to promptly settle the insured's insurance claim when the obligation to settle the insurance claim had become reasonably clear, under one portion of the insurance policy coverage, in order to influence the settlements under other portions of the insurance policy coverage. To date, notwithstanding the insured's pleas otherwise, the insurer has continued to refuse to acknowledge its obligation moreover, the insurer knows or should know that its representations to its insured with regard to the extent and nature as well as the amount of damages, is either incorrect or intentional in an attempt to deny coverage. The concept of insurance is that the insurer's granting of timely and prompt indemnity or security against a covered loss.**

DFS-10-363
Rev. 11/2007

Section 624.02, Florida Statutes, defines "insurance" as a contract whereby one undertakes to indemnify another or allow specified amount or a determinable benefit upon determinable contingencies. Payment must be made to put the insured back into the position he/she was in prior to the loss as quickly as possible. The insurer breached this duty. The insured was and still is forced to expend monies to submit the instant insurance claim, retain a public adjuster to investigate the full extent and nature of his loss, and retain counsel to force the insurer to honor its obligations under the insurance policy to pay all the insurance proceeds due and owing the insured. The insurer has refused and/or failed to tender all insurance proceeds to the insured upon demand. The insurer's refusal and/or failure to settle the insurance claim when under all the circumstances it could have and should have done so had it acted fairly and honestly towards the insured is wrongful conduct. Furthermore, the insured contends that the insurer's adjusters and/or representatives financially benefited by such wrongful conduct. Moreover, such wrongful conduct by the insurer and its representatives include the making of material misrepresentations to the insured.

The instant claim results from water damage, which is covered by the insured's policy. The insurer has failed to properly investigate and adjust the claim, a claim covered under the policy. The insurer has refused to indemnify the insured for the subject loss, which is a claim covered under the policy. The insurer failed to properly investigate and adjust the claim. The insurer has not fulfilled its duty to its insurer in refusing to properly adjust this claim.

For the insurer to cure its violations of the policy of insurance the insured requires attorney's fees and costs, and full payment of the insured's claim, which the insured's public adjuster conservatively estimates at $107,326.47. This figure does not include attorney's fees and costs, which are due as accrued. It also does not include any amounts owed for emergency services. All payments must include interest. Additionally the insured requires payment for Additional Living Expense as accrued.

The insurer failed to communicate properly and deal fairly with the insured, attempting to take advantage of the insured to extort a settlement in order to avoid actively adjusting the instant claim. The insurer's treatment of its policy R holder is both procedurally and substantively unconscionable, and the insurer should not take advantage of persons not in an equal position of knowledge and skill to excuse properly adjusting and settling clearly covered claim(s). The insurer's conduct constitutes "unfair trade practices" and bad faith under Florida law. The insurer must treat its insured's with the utmost good faith and cooperate to satisfy claims for which the insured duly paid for coverage.

**Florida Statutes Violated**
Statutory language:

§ 626.951 engaging in acts defined as "unfair trade practices" relating to the business of insurance in accordance with the intent of congress as expressed in the act of congress of march 9, 1945 (pub. L. No. 15, 79th congress), by defining, or providing for the determination of, all such practices in this state which constitute unfair methods of competition or unfair or deceptive acts or practices and by prohibiting the trade practices so defined or determined. Specifically such violations include misrepresenting the benefits of the policy and of the endorsements and exclusions therein.

§ 624.155(1)(b)(1) to tender all insurance proceeds monies due and owing the insured, or assist the insured's in the mitigation of their damages. The insurer breached these statutory duties. Not attempting in good faith to settle claims when, under all circumstance, insurer could have and should have done so, had the insurer acted fairly and honestly toward its insured and with due regard.

§ 624.155(1)(b)(3) failing to promptly settle claims, when the obligation to settle the claim has become reasonably clear under one portion of the insurance policy coverage, in order to influence settlements under other portions of the insurance policy coverage.

§ 626.9541(1)(i)(2) a material misrepresentation made to an insured or any other person having an interest in the proceeds payable under such contract or policy, for the purpose and with the intent of effecting settlement of such claims, loss or damage under such contract or policy on less favorable terms that those provided in, and contemplated by, such contract or policy.

§ 626.9541(1)(i)(3)a Failing to adopt and implement standards for the proper investigations of claims.

§ 626.9541(1)(i)(3)b Misrepresenting pertinent facts or insurance policy provisions relating to all coverages at issue.

§ 626.9541(1)(i)(3)c Failing to acknowledge and to act promptly upon communications with respect to claims.

§ 626.9541(1)(i)(3)d Denying claims without conducting reasonable investigations based upon available information.

§ 626.9541(1)(i)(3)e Failing to affirm or deny full or partial coverage of claims, and, as to partial coverage, the dollar amount or extent of coverage, or failing to provide a written statement that the claim is being investigated, upon the written request of the insured within 30 days after proof-of-loss statements have been completed.

§ 626.9541(1)(i)(3)f Failing to promptly provide a reasonable explanation in writing to the insured of the basis of the insurance policy, in relation to the facts of the applicable law, for denial of a claim, or for offer of a compromise of a settlement.

§ 626.9541(1)(i)(3)g failing to promptly notify the insured of any additional information necessary for the processing of a claim

§ 626.9541(1)(i)(3)(h) failing to clearly explain the nature of the requested information and the Reasons why such information is necessary.

§ 69-220.201(a) an adjuster shall disclose all financial interests and any direct or indirect aspect of an adjusted transactions.

§ 69-220.201(b) an adjuster shall treat all claims equally. An adjuster shall not provide favored treatment to any claimant. Adjuster shall adjust all claims strictly in accordance with the insurance contract.

§ 69-220.201(c) an adjuster shall never approach investigations, adjustments, and to enable the insurer to investigate and resolve your claim, describe the facts and circumstances giving rise to the insurer's violation as you understand them at this time. No certified copy of the policy has been provided reference to specific policy language that is relevant to the violation, if any. If the person bringing the civil action is a third party claimant, she or he shall not be required to reference the specific policy language if the authorized insurer has not provided a copy of the policy to the third party claimant pursuant to written request. Settlements in a manner prejudicial to the insured.

§ 69-220.201(e) an adjuster shall handle every adjustment and settlement with honesty, integrity, and allow fair adjustment or settlement to all parties without any remuneration to himself except to that which he is legally entitled.

§ 69-220.201(f) an adjuster, upon undertaking the handling of a claim, shall act with dispatch and due diligence in achieving proper disposition thereof.

§ 69-220.201(m) an adjuster shall not knowingly fail to advise a claimant of their rights in accordance with the terms and conditions of the contract and applicable laws of the state of Florida.

§ 624.155(1)(b)(1) not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests. Except as to liability coverages, failing to promptly settle claims, when the Obligation to settle a claim has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage.

§ 624.155(1)(b)(3) failing to adopt and implement standards for the proper investigation of claims

§ 626.9541(1)(i)(3)(b) failing to acknowledge and act promptly upon communications with respect to claims.

§ 626.9541(1)(i)(3)(c) denying claims without conducting reasonable investigations based upon available information.

§ 626.9541(1)(i)(3)(d) failing to promptly provide a reasonable explanation in writing to the insured of the basis in the insurance policy, in relation to the facts or applicable law, for denial of a claim or for the offer of a compromise settlement.

§ 626.9541(1)(i)(3)(f) failing to promptly notify the insured of any additional information necessary for the processing of a claim.

§ 626.9541(1)(i)(3)(g) failing to clearly explain the nature of the requested information and the reasons why such information is necessary.

DFS-10-363
Rev. 11/2007